# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**CRIMINAL ACTION NO. 10-39-JBC**

**UNITED STATES OF AMERICA,**                                                               **PLAINTIFF,**

**V.**             **MEMORANDUM OPINION AND ORDER**

**JACK EUGENE HAMPTON,**                                                    **DEFENDANT.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court on Magistrate Judge Dave Whalin's findings of fact, conclusions of law, and recommendation to deny defendant Jack Eugene Hampton's motion to suppress evidence (R. 30); and on Hampton's objections to Judge Whalin's opinion (R. 31). The court will overrule Hampton's objections and adopt Judge Whalin's opinion.

Hampton objects to Judge Whalin's conclusion that the evidence recited in the search-warrant affidavit had not gone stale. The evidence indicates that Hampton possessed or distributed child pornography on three dates between January 2008 through March 2009. Hampton claims that the evidence went stale by the time authorities executed the search warrant at Hampton's home on January 27, 2010.

Hampton's objection fails. Judge Whalin's reasoning satisfies the staleness factors set forth in *United States v. Frechette*, 583 F.3d 574 (6th Cir. 2009):

1. *Character of the crime*. Possessing and distributing child pornography is

a crime that is generally carried out over a long period of time. *Frechette*, 583 F.3d at 378 (citation omitted). The search-warrant affidavit recites facts consistent with that profile, identifying three incidents when Hampton allegedly possessed or distributed child pornography during a fourteen-month period:

    (a) On January 30, 2008, authorities identified Hampton as a subscriber to an Internet account used to disseminate child pornography.

    (b) On May 19, 2008, authorities again identified Hampton as a subscriber to an Internet account used to disseminate child pornography.

    (c) Between March 15, 2009 and March 19, 2009, authorities confirmed that a file containing child pornography was being stored on Hampton's computer and being made available to others on a peer-to-peer network.

The search warrant issued on January 22, 2010, and authorities executed the warrant on January 27, 2010. Authorities had probable cause to believe that Hampton continued to possess and distribute child pornography less than a year after the last-identified incident.

    2. *The criminal*. A suspect's longstanding tenure at the same residence supports the belief that evidence of illegal activity will be found at the residence. *Id*. at 379. Authorities verified that Hampton had lived in his home for twenty-eight years. They interviewed Hampton, checked the name on his mailbox, and confirmed that two cars parked outside Hampton's home were registered to him. Authorities recited in the search-warrant affidavit the length of residency and the

steps they took to verify the length of residency.

3. *The thing to be seized*. Digital images of child pornography can be stored indefinitely. *Id.* (citing *United States v. Terry*, 522 F.3d 645, 650 n.2 (6th Cir. 2008)). Authorities had probable cause to believe that child pornography files would be found in Hampton's computer less than a year after his last-identified involvement with child pornography.

4. *The place to be searched*. Because the child pornography was allegedly located in Hampton's home of twenty-eight years, the place to be searched was a "secure operational base," further supporting the belief that Hampton was engaging in illegal activity in secrecy over a long period of time. *Id*.

Judge Whalin did not apply the *Frechette* factors, but he did consider the substance of those factors. *See* R. 31 at 13-18. Judge Whalin's opinion, therefore, is neither clearly erroneous nor contrary to law. Fed. R. Crim. Pro. 59.

Hampton argues that Judge Whalin improperly used the 2008 evidence of Hampton's involvement with child pornography to freshen the evidence of the 2009 incident. Judge Whalin did not use the 2008 evidence in that manner. He analyzed whether all of those activities, spanning the period from January 2008 to March 2009, had gone stale by January 2010. Application of the *Frechette* factors confirms that they had not.

In addition to his staleness objection, Hampton incorporates by reference the balance of his motion to suppress and his reply memorandum, in which Hampton

3

argues that probable cause never existed and that the good-faith exception did not apply. Hampton's probable-cause argument fails because Hampton incorrectly portrays the March 2009 incident as a single, isolated occurrence. The search-warrant affidavit describes conduct that occurred during a fourteen-month period in the secrecy of Hampton's home. The evidence supports probable cause. Finally, the good-faith exception is moot because Judge Whalin correctly concluded that probable cause existed and that the evidence had not gone stale. Accordingly,

**IT IS ORDERED** that Judge Whalin's findings of fact, conclusions of law, and recommendation (R. 30) are **ADOPTED** as the opinion of the court.

**IT IS FURTHER ORDERED** that Hampton's objections (R. 31) to Judge Whalin's opinion are **OVERRULED**.

**IT IS FURTHER ORDERED** that Hampton's motion to suppress (R. 20) is **DENIED**.

Signed on October 21, 2010

**Jennifer B. Coffman, Judge**
**United States District Court**